[No. 37477-0-I.   Division One.   March 31, 1997.]
KIMBERLY GROSS, *Appellant*, v. PATRICIA A. EVERT-ROSENBERG, *Respondent*.

---

[4]*In re R.R.*, 77 Wn. App. 795, 895 P.2d 1 (1995).

[5]*R.R.*, 77 Wn. App. at 801 (citing *In re G.V.*, 124 Wn.2d 288, 296, 877 P.2d 680 (1994)).

*Sandra L. Simpson, Peter E. Moye,* and *Workland, Witherspoon, Brajcich & Lipsker, P.L.L.C.,* for appellant.

*M. Colleen Barrett, Gregory S. Worden,* and *Julin, Fosso, Sage, McBride & Mason,* for respondent.

GROSSE, J. — Is service of process sufficient where a party attempts substitute service by leaving a copy of the summons and complaint at a house owned by the defend-

ant but in which she no longer lives? The issue to be determined is whether the place where the summons was left constitutes the defendant's house of usual abode. The superior court dismissed the suit finding that the house was not the defendant's usual place of abode and that the substitute service was ineffective. We are likewise not persuaded that liberal construction of the substitute service statute should be extended to the facts before us and affirm the decision of the superior court.

The accident occurred on May 12, 1992. As Evert-Rosenberg pulled her car out of the driveway of her workplace, she struck the car driven by Kimberly Gross. Gross suffered serious back, wrist, and permanent neck injuries. On the police report, Evert-Rosenberg listed her home address in Federal Way, Washington. After the accident she continued to live at that address for another two and one-half years and is still an owner of the property. Her workplace and business phone number are also the same as those listed on the police report. In February 1995, Evert-Rosenberg and her husband moved from the house listed on the accident report to one in Puyallup, Washington. Evert-Rosenberg's daughter and son-in-law leased the Federal Way house from the Evert-Rosenbergs at the time of their move. Evert-Rosenberg notified the post office, obtained a new driver's license, and notified her regular creditors of the change of address. However, at the time of attempted service, Evert-Rosenberg had not changed her voter registration or the property tax billing address with the King County Assessor's Office.

Just short of three years after the accident, Gross filed a summons and complaint against Evert-Rosenberg. Service of process was attempted at the Federal Way address. On the initial attempt, copies of the summons and complaint were refused by a "John Doe" at the address, but the process server filed a declaration stating that the person indicated Evert-Rosenberg lived there. Later, the process server attempted a second substitute service of process at the Federal Way address actually leaving the summons

and complaint at the home after making contact with "John Doe" again. John Doe was later identified as Craig Dightman, Evert-Rosenberg's son-in-law. Dightman filed a declaration indicating that he told the process server Evert-Rosenberg no longer lived there.

After service, but before the limitations period had run, a special notice of appearance was filed on Evert-Rosenberg's behalf not waiving the right to challenge the court's jurisdiction and specifically reserving the right to challenge the service of process. No additional service was attempted. Evert-Rosenberg's answer to the summons and complaint also raised the affirmative defenses of failure to properly serve Evert-Rosenberg and further alleged the claim was barred by the statute of limitations.

Evert-Rosenberg's motion for dismissal of the complaint on the basis that she was not timely served was granted.

*Sheldon v. Fettig*[1] holds that RCW 4.28.080(15), governing substitute service of process, is to be liberally construed in order to effectuate service and uphold the jurisdiction of the court. The statute provides that substitute service of process may be effected by leaving a copy of the summons and complaint at the defendant's house of usual abode with a person of suitable age and discretion then resident therein.[2] This form of service of process is designed to allow injured parties a reasonable means to serve defendants in a manner reasonably calculated to accomplish notice.

*Sheldon* holds that for purposes of the statute, a defendant may have more than one "house of usual abode" and defined "usual abode" as a place where the defendant's domestic activity is centered and where service left with a family member is reasonably calculated to come to the defendant's attention within the statutory period for making an appearance.

---

[1]*Sheldon v. Fettig*, 129 Wn.2d 601, 919 P.2d 1209 (1996) (case filed August 1, 1996, a 5 to 3 decision).

[2]*See Wichert v. Cardwell*, 117 Wn.2d 148, 812 P.2d 858 (1991).

Gross contends Evert-Rosenberg maintained more than one place of usual abode. The inquiry is whether the Federal Way home was a center of domestic activity for Evert-Rosenberg. Unlike the facts in *Sheldon,* where the adult-child defendant was deemed to have more than one usual abode, one in Illinois and one at her parents' home in Washington state, here Evert-Rosenberg, the parent, moved to a new home, retaining ownership of the Federal Way house but actually residing in another abode. Although the tenants in the old home were related to Evert-Rosenberg, they had a completely different center of domestic activity. We refuse to extend the *Sheldon* holding to these facts.

The facts of this case are similar to those found in *Lepeska v. Farley*[3] where this court held that substitute service on a son through his parents' home at a time when he maintained his own separate home within the jurisdiction failed to comply with the statute.[4]

The decision of the trial court is affirmed.

BAKER, C.J., and WEBSTER, J., concur.

Review denied at 133 Wn.2d 1004 (1997).

[3]*Lepeska v. Farley,* 67 Wn. App. 548, 833 P.2d 437 (1992).

[4]*Lepeska v. Farley,* 67 Wn. App. at 551.