IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STEVEN J. LACEY, | ) | |
| | ) | No. 32189-4-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IAN LANTRY and | ) | UNPUBLISHED OPINION |
| ELIZABETH S. LANTRY and | ) | |
| THOMAS G. LANTRY, | ) | |
| wife and husband, | ) | |
| | ) | |
| Respondent. | ) | |

KORSMO, J. — Steven Lacey appeals the dismissal of his action for personal

injuries on the basis that he failed to serve the defendants before the statute of limitations

expired. We affirm the trial court's decision to grant summary judgment in favor of the

respondents.

FACTS

Mr. Lacey was involved in a car accident with Ian Lantry in Kennewick on

December 23, 2009. Three days before the statute of limitations, Mr. Lacey filed an

action for personal injuries against Ian, Elizabeth, and Thomas Lantry. He used a process

server to attempt to serve Mr. Lantry and his parents at their Kennewick residence.

Process server Jeff Frankeberger filed an affidavit indicating that he went to the residence of Thomas and Elizabeth Lantry on West 16th Avenue in Kennewick on December 26, 2012. There he served the three Lantrys by leaving copies of the summons and complaint with Nathan Lantry, the adult son of Elizabeth and Thomas Lantry and older brother of Ian Lantry. According to Frankeberger, Nathan Lantry said that he lived at the residence along with his parents and brother. Mr. Lacey also provided evidence that the elder Lantrys owned the Kennewick property until it was sold in 2013.

Nathan Lantry and the three defendant Lantrys all filed affidavits in support of motions to dismiss for lack of service. Nathan Lantry took issue with the statements attributed to him by Frankeberger and denied telling the process server that he or his brother lived there. Nathan Lantry also denied that he lived at the house or agreed to accept service for the others, and asserted that he was just visiting the house to pick up the mail for his mother who was out of town. Thomas and Ian Lantry both claimed to be living in Idaho at the time, and Elizabeth Lantry agreed that they did not live at her residence in Kennewick. Nathan Lantry, backed by his mother, declared that he lived at a different location in Kennewick.

The trial court granted summary judgment and dismissed the case for lack of service. Mr. Lacey promptly appealed to this court.

ANALYSIS

The sole issue is whether the trial court correctly dismissed the action for lack of service. Mr. Lacey contends that the record establishes substitute service on the defendants. However, we agree with the defense that no evidence supports that contention.

Summary judgment is proper when the moving party bears its initial burden of establishing that it is entitled to judgment because there are no disputed issues of material fact. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). "A material fact is one that affects the outcome of the litigation." *Owen v. Burlington Northern Santa Fe Railroad Co.*, 153 Wn.2d 780, 789, 108 P.3d 1220 (2005). If that initial showing is made, then the burden shifts to the other party to establish there is a genuine issue for the trier of fact. *Young*, 112 Wn.2d at 225-26. The responding party may not rely on speculation or having its own affidavits accepted at face value. *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986). Instead, it must put forth evidence showing the existence of a triable issue. *Id.* The evidence must be admissible. CR 56(e) (affidavits "shall set forth such facts as would be admissible in evidence").

Mr. Lacey argues that there is a material question of fact on whether or not service on Nathan Lantry constituted substitute service under RCW 4.28.080(15). That statute

authorizes service directly to "the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." The parties agree that the issue in this appeal is whether Nathan Lantry was "then resident therein" under this statute when he received the summons and complaint for his parents and brother.

This statute has been the subject of extensive litigation and each party relies upon a decision they consider factually similar to this case. Mr. Lacey relies upon *Wichert v. Cardwell*, 117 Wn.2d 148, 812 P.2d 858 (1991). There a daughter, who had her own apartment and infrequently stayed at her mother's house, had stayed the night alone at her mother's residence with the mother's permission. *Id.* at 150. Her acceptance of service for her mother and stepfather the next day was considered "reasonably calculated to accomplish notice to the defendant." *Id.* at 152.

The defendants Lantry rely upon *Salts v. Estes*, 133 Wn.2d 160, 943 P.2d 275 (1997). There an adult woman, who was no relation the property owner and had never lived on the property, had stopped by to feed the dog and check on the premises. A process server contacted her and left the summons and complaint with her. *Id.* at 163. Our court concluded that she was not "then resident therein" for purposes of RCW 4.28.080(15). *Id.* at 162, 170-71.

4

No. 32189-4-III
*Lacey v. Lantry*

We need not decide where the facts of this case fall on the continuum between *Wichert* and *Salts*.[1] That is because Mr. Lacey had no evidence that Nathan Lantry resided at his mother's Kennewick home. Nathan Lantry and his mother swore that he lived in a Kennewick apartment rather than in his mother's home. While the Frankeberger affidavit claims that Nathan admitted living there, that admission is hearsay with respect to Ian, Elizabeth, and Thomas Lantry. ER 801, 802. Although the Frankeberger affidavit impeaches Nathan's affidavit, it does not provide evidence that Nathan actually lived on the property, nor does it attack Elizabeth Lantry's declaration. Instead, all that the Frankeberger affidavit establishes for Mr. Lacey is that Nathan Lantry was at the residence and received the summons and complaint. More[2] is needed to establish that Nathan Lantry was "then resident therein." In contrast, the Lantry affidavits provide evidence that Nathan Lantry lived in a Kennewick apartment and not at his parents' home.

---

[1] This case likewise does not present the situation of "second hand" substitute service described recently in *Scanlan v. Townsend*, 181 Wn.2d 838, 336 P.3d 1155 (2014).

[2] For instance, evidence could be introduced that Nathan Lantry used his parents' home as an official address for driver's licensing, voting, mail, etc.

5

Despite Mr. Lacey's protestations to the contrary, there is no evidence supporting the claim that Nathan Lantry was a resident of his parents' house, and, thus, no material facts in dispute. Accordingly, summary judgment was properly granted.

The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Lawrence-Berrey, J.

6