## IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| SHANNON M. GENTRY, Individually, ) | DIVISION ONE |
| ) | |
| Appellant, ) | No. 77051-9-I |
| ) | |
| v. ) | |
| ) | |
| KYLE E. ROBERTS, and "JANE DOE" ) | UNPUBLISHED OPINION |
| ROBERTS, and the marital community ) | |
| composed thereof, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| JOVITA CARPENTER and "JOHN ) | |
| DOE" CARPENTER, and the marital ) | |
| community composed thereof, ) | |
| ) | |
| Defendants. ) | FILED: July 23, 2018 |
| ) | |

DWYER, J. — Immediately after Shannon Gentry and Kyle Roberts were in a vehicle collision, Roberts provided a home address in Duvall, Washington. Three years later, Gentry filed a personal injury action against him. A process server delivered a copy of the summons and complaint to Roberts' father at the Duvall address. Roberts later moved for summary judgment, arguing that service was improper because the Duvall house was not his usual abode at the time of service. The trial court agreed and dismissed the case. Because Gentry raises a genuine issue of material fact as to whether the Duvall house was a center of Roberts' domestic activity, we reverse and remand for further proceedings.

No. 77051-9-I

I

Kyle Roberts and Shannon Gentry were in an automobile collision on August 30, 2013. At the time, Roberts lived in Duvall, Washington. Nearly three years after the collision, Gentry filed a personal injury action against Roberts. On September 7, 2016, Gentry's process server delivered copies of the summons and complaint to Roberts' father at the Duvall house. According to the process server, the father stated that Roberts was a "co-resident." But the father attests that he said no such thing.

Roberts presented evidence that he had not lived at the Duvall house since January 1, 2014. From November 2015 to July 2016, he lived with and paid rent to Grant Gemza in Shoreline. From August to November 2016, he lived in Seattle with his girlfriend, Kendall Wiggins, and paid rent to Hannah Nye. Then he moved in with his aunt and uncle in North Seattle. All during this time, he continued to be registered to vote in Duvall. And an inquiry made to the post office in April 2017 revealed that Roberts continued to receive mail at the Duvall address.

Roberts' father did not give Roberts the summons and complaint. But an attorney appeared for Roberts, reserving defenses for improper service. Roberts did not file an answer or respond to interrogatories. Instead, after the apparent expiration of the statutory limitation period, he moved for summary judgment, arguing that the suit was barred by the statute of limitation because service was not effective. The trial court granted the motion and dismissed the case. Gentry appeals.

- 1 -

No. 77051-9-I

II

Gentry argues that the trial court erred in concluding that Roberts was not properly served under RCW 4.28.080(16). She contends that service at the Duvall house was valid. Thus, she claims we should reverse the trial court's summary judgment dismissal of her suit.[1]

Summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Hertog v. City of Seattle, 138 Wn.2d 265, 275, 979 P.2d 400 (1999). We engage in the same inquiry as the trial court and consider the facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. Hertog, 138 Wn.2d at 275.

Service on a defendant may be accomplished either by serving the defendant personally, "or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." RCW 4.28.080(16). A house of usual abode is the "'center of one's domestic activity [such that] service left with a family member is reasonably calculated to come to one's attention.'" Sheldon v. Fettig, 129 Wn.2d 601, 610,

---

[1] Gentry argues in the alternative that the evidence supports a presumption that Roberts was personally served the summons and complaint by his father, citing Scanlan v. Townsend, 181 Wn.2d 838, 336 P.3d 1155 (2014). Gentry is incorrect. In Scanlan, there was deposition testimony that the defendant was personally served by her father. Here, there is no evidence that Roberts was ever personally served with the summons and complaint, and Roberts denies receiving the documents. On summary judgment, "the adverse party may not rest on mere allegations in the pleadings but must set forth specific facts showing that there is a genuine issue for trial." LaPlante v. State, 85 Wn.2d 154, 158, 531 P.2d 299 (1975). Gentry makes a mere allegation, unsupported by specific facts, that Roberts was personally served with the summons and complaint by his father. This is insufficient to create a genuine issue of fact.

919 P.2d 1209 (1996) (quoting Sheldon v. Fettig, 77 Wn. App. 775, 781, 893 P.2d 1136 (1995)).

In Sheldon, the plaintiff attempted service of process on an adult defendant by leaving copies of the summons and complaint with her brother at her parents' home. The defendant used her parents' address for many purposes: her registration to vote, her car registration, insurance, and bill of sale, and when she was cited for speeding. She also stayed in the home four or five days each month, even while maintaining an apartment in Chicago. The court concluded that the defendant had two places of usual abode, one at her family home in Seattle and one in Chicago, and that her family home was the place where she was most likely to receive notice of an impending suit. In so holding, the court explicitly abandoned strict construction of service of process statutes in favor of the trend toward liberal construction. Sheldon, 129 Wn.2d at 607-08.

Here, the trial court considered conflicting evidence of Roberts' center of domestic activity. The parties dispute whether Roberts' father told the process server that Roberts was a resident of the Duvall house. Roberts' father's perspective on his son's residence is an indicator of domestic activity and material to the issue of service. This is a question of fact that hinges on the credibility of the two declarants. Because this fact must be determined by a fact finder, summary judgment was not appropriate.

In addition, Roberts lived in no fewer than four locations between January 2014 and March 2017. He did not provide copies of lease agreements, utility bills, letters, or other evidence of his intent to establish these residences as his

center of domestic activity. Nor did he update his voter registration when he moved from the Duvall home.[2] While there are fewer indicia of domestic activity here than in Sheldon, the facts nevertheless raise a reasonable inference that the Duvall home remained a center of Roberts' domestic activity at the time of service. And, as in Sheldon, we can infer from the evidence that Roberts would be likely to receive notice of the suit at his parents' house given his frequent changes in residence.

The facts of this case are distinguishable from those cases in which service at a relative's home was deemed ineffective. In Farmer v. Davis, 161 Wn. App. 420, 250 P.3d 138 (2011), service was attempted at the defendant's mother's house, where the defendant had not lived since getting married a year and a half before. Noting that there "was no admissible evidence that Mr. Davis was continuing to use his old Tombstone address for any purpose," the court affirmed dismissal of the complaint. Farmer, 161 Wn. App. at 435. Unlike the defendant in Farmer, who established with undisputed evidence that he no longer used his mother's address for business or legal matters, there is no

_____

[2] Roberts argues that the Internet search results showing his voter registration are inadmissible. Under RAP 9.12, we consider the evidence called to the attention of the trial court, as designated in the order on summary judgment. Here, the order on summary judgment shows that the trial court viewed and considered the Internet search results. At the hearing, counsel did not formally object to any evidence, merely noting that "there's no declarations from any of those website providers." This was insufficient to promote a ruling on the issue of admissibility, and we refuse to review an issue raised for the first time on appeal. Indeed, to do so could be unjust. Had the issue been properly raised in the trial court, the judge might well have chosen to grant plaintiff a continuance to properly authenticate the challenged evidence, as an alternative to exclusion. This is why RAP 9.12 wisely requires us to consider the evidence actually before the trial court when conducting our review.

evidence here that the defendant adopted any address other than his parents' for business or legal matters.

This case is also distinguishable from Gerean v. Martin-Joven, 108 Wn. App. 963, 33 P.3d 427 (2001). In Gerean, service of process was made to the defendant's son-in-law at a home in Federal Way that the defendant owned. But prior to the attempted service, the defendant and her husband had moved from that house to one in Puyallup, leasing the Federal Way home to their daughter and son-in-law. The defendant duly notified the post office, obtained a new driver's license, and notified her regular creditors of her address change. The defendant did not, however, change her voter registration or property tax billing address. The court reasoned that, unlike in Sheldon, the defendant did not have more than one usual abode. Rather, the evidence supported only that the defendant and her husband maintained their own separate home in Puyallup that was the center of their domestic activity.

Unlike the defendant in Gerean, Roberts continued to receive mail at the Duvall house. And unlike the defendant in Gerean, who changed her driver's license and rented out her house, Roberts has not presented evidence of his intent to establish a new residence. The evidence instead shows frequent moves to temporary residences, which, along with his continued receipt of mail, raises an inference that he maintained a center of domestic activity at the Duvall house.

Viewing the evidence in the light most favorable to Gentry, the evidence presented to the trial court raises reasonable inferences that Roberts maintained

the Duvall home as a center of domestic activity at the time of service. Only a fact finder may resolve this dispute.

III

Roberts requests allowable costs as the substantially prevailing party under RAP 14.2, as well as statutory attorney fees under RAP 14.3. Roberts does not prevail on appeal, and does not cite authority under which he is entitled to an award of attorney fees. We therefore decline to award attorney fees or costs.

Reversed.

WE CONCUR: