IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| SOUTHWELL & O'ROURKE, P.S., | ) | No. 36111-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| STEPHEN P. ANTHONY, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Dr. Stephen P. Anthony appeals a superior court order denying reconsideration of an order on summary judgment. According to Dr. Anthony, reconsideration was warranted because the superior court lacked personal jurisdiction due to improper service of process. As the superior court correctly determined, Dr. Anthony's personal jurisdiction argument was untimely and, therefore, waived. The order on appeal is affirmed.

FACTS

On August 30, 2016, Southwell & O'Rourke (Southwell) served Dr. Anthony with an unfiled summons and complaint for unpaid legal fees. On October 21, Dr. Anthony responded by sending Southwell a pro se answer to the complaint and a CR 3(a) written demand that Southwell file its lawsuit within 14 days. Southwell received Dr. Anthony's responsive documents on October 26.

On November 29 (34 days after Southwell received the answer to complaint and CR 3(a) filing demand), Southwell filed its lawsuit against Dr. Anthony in Spokane County Superior Court. The pleadings filed by Southwell included the answer to complaint received from Dr. Anthony. Dr. Anthony's answer had not recited any affirmative defenses and did not raise an objection to personal jurisdiction. At no point during the superior court proceedings did Dr. Anthony seek to amend his answer.

The case proceeded to summary judgment. Dr. Anthony filed a pro se opposition to Southwell's motion and appeared telephonically at oral argument on May 19, 2017. During argument, Dr. Anthony mentioned that he had made a 14-day filing demand. However, Dr. Anthony did not allege that the demand was unmet or that there was a problem with either service of process or personal jurisdiction. The superior court issued an oral ruling granting Southwell's summary judgment motion, but no written order was filed on that date.

After the superior court's May 19 oral ruling, Dr. Anthony retained an attorney. On June 9, the attorney contacted Southwell and advised there was a jurisdictional problem with the case. Specifically, counsel pointed out that Southwell had not filed its suit against Dr. Anthony within 14 days of the CR 3(a) demand. The record on review does not contain any follow-up on counsel's letter. Southwell subsequently notified the court

that an order on the May 19 proceedings had not been filed.[1] An order was then presented by Southwell and entered on August 31, 2017.

On November 22, 2017, counsel for Dr. Anthony filed a motion for order to show cause to vacate the August 31 order. The motion argued that the order was invalid because Southwell had failed to give Dr. Anthony or his attorney notice of a presentment as required by CR 54(f)(2). Dr. Anthony's motion did not mention any violation of the CR 3(a) demand. Southwell responded to Dr. Anthony's motion by filing a motion to have the summary judgment order dated May 19, 2017, nunc pro tunc.[2] On December 1, 2017, the superior court granted Southwell's motion requesting a nunc pro tunc order. The court also specified that Dr. Anthony's right to appeal and to file for post-judgment relief would be preserved.

Dr. Anthony filed for reconsideration on December 11, 2017. In the reconsideration motion, Dr. Anthony argued to the court, for the first time, that the summons and complaint was invalid because Southwell had failed to comply with Dr. Anthony's CR 3(a) filing demand. At oral argument, it was uncontested that Dr. Anthony had not previously raised

---

[1] According to Southwell, it discovered the summary judgment order had not been filed after unsuccessfully attempting to collect on the judgment.

[2] Notice of presentment is not required when judgment is entered at a hearing while both sides are present. CR 54(f)(2)(C).

any issues regarding noncompliance with the CR 3(a) demand. Nevertheless, Dr. Anthony's attorney argued that jurisdiction could not be waived and, alternatively, that it had not been "affirmatively waived." Report of Proceedings (Apr. 26, 2018) at 19. The superior court denied Dr. Anthony's motion for reconsideration.

Dr. Anthony appeals.

## ANALYSIS

A court's personal jurisdiction over a defendant depends on proper service of process. *Scanlan v. Townsend*, 181 Wn.2d 838, 846-47, 336 P.3d 1155 (2014). When a defendant has been served with an unfiled summons and complaint, and demands filing take place within 14 days, CR 3(a) states that the validity of service turns on compliance with the 14-day demand. If a plaintiff fails to comply with a defendant's filing demand in a timely manner, personal jurisdiction is lost.

Personal jurisdiction is a specific type of jurisdiction, distinct from subject matter jurisdiction. *See Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County*, 135 Wn.2d 542, 556, 958 P.2d 962 (1998) (distinguishing between the two types of jurisdiction on issue of waiver). Subject matter jurisdiction is fundamental to a court's authority to act; a problem with subject matter jurisdiction can be raised at any time. *See Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 315, 76 P.3d 1183 (2003); RAP 2.5(a)(1). Personal

4

jurisdiction is different. Objections to personal jurisdiction are waived if not timely raised. *Castellon v. Rodriguez*, 4 Wn. App. 2d 8, 15-16, 418 P.3d 804 (2018). Under superior court rules, the defense of lack of personal jurisdiction is waived if not raised in a responsive motion or pleading. CR 12(h)(1). Alternatively, common law waiver applies "if a defendant acts in a manner inconsistent with a jurisdictional defense or is dilatory in asserting the defense." *Castellon*, 4 Wn. App. 2d at 15.

This is a clear case of waiver. Dr. Anthony not only failed to raise lack of personal jurisdiction in his answer to the complaint or a responsive motion, he actively participated in the case through summary judgment without objecting on the issue. The superior court properly determined that Dr. Anthony's arguments regarding insufficiency of service of process and lack of personal jurisdiction had been waived.

ATTORNEY FEES ON APPEAL

The attorney fee contracts at issue in this case include provisions for reasonable attorney fees to the prevailing party in the event of enforcement litigation. Citing these provisions, Southwell seeks attorney fees on appeal pursuant to RAP 18.1. Because Southwell is the prevailing party in this appeal, we grant its request for reasonable attorney fees. *Chatterton v. Business Valuation Research, Inc.*, 90 Wn. App. 150, 157,

No. 36111-0-III
*Southwell & O'Rourke, P.S. v. Anthony*

951 P.2d 353 (1998) ("An award of fees is appropriate when authorized by the contract between the parties.").

## CONCLUSION

This matter is affirmed. Southwell is granted attorney fees on appeal, subject to compliance with RAP 18.1(d).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.