FILED
COURT OF APPEALS
DIVISION II

2015 FEB -3 AM 9: 06

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

EUGENE GARVIE,

Appellant.

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

Respondent.

No. 45329-1-II

UNPUBLISHED OPINION

MELNICK, J. — Pursuant to the Public Records Act (PRA),[1] Eugene Garvie, an inmate with the Department of Corrections (DOC), made four requests for audio recordings of telephone calls he made through DOC's inmate telephone system. DOC claimed an exemption and withheld the records. Garvie filed a complaint against DOC in Thurston County Superior Court. The trial court denied Garvie's motion to show cause and granted DOC's motion for summary judgment. It ruled that Garvie's claims relating to his first two requests were time barred, and that DOC complied with his latter two requests. Garvie appeals. We affirm.

## FACTS

The PRA requires agencies to make available for public inspection and copying all public records, unless the records fall within the specific exemptions of another statute which exempts disclosure of certain records. RCW 42.56.070(1). RCW 9.73.095(3)(b) exempts disclosure of recorded conversations from corrections facilities. It provides

---

[1] Ch. 42.56 RCW.

[t]he contents of any intercepted and recorded conversation shall be divulged only as is necessary to safeguard the orderly operation of the correctional facility, in response to a court order, or in the prosecution or investigation of any crime.

RCW 9.73.095(3)(b).

I.     SUBSTANTIVE FACTS

A.     First Request: PDU-14345

On February 14, 2011, DOC received a public records request from Garvie for "recordings by inmate telephone" to a specified telephone number for the period of "March 10, 2010 to present." Clerk's Papers (CP) at 58. DOC acknowledged receipt of this request in a timely manner and assigned it tracking number PDU-14345. On March 2, 2011, DOC informed Garvie that it prepared a compact disc (CD) containing the requested telephone recordings, but the recordings were exempt from disclosure under RCW 9.73.095(3)(b) and RCW 42.56.070(1). Garvie appealed through the DOC appeals process. On April 12, 2011, DOC confirmed the recordings are exempt and denied his appeal.

B.     Second Request: PDU-19078

On February 17, 2012, DOC received a public records request from Garvie's attorney's legal assistant for "[r]ecordings of calls between Brian Eugene Garvie . . . and [a specified] telephone number . . . between March of 2009 and September of 2010." CP at 103. DOC acknowledged receipt of this request in a timely manner and assigned it tracking number PDU-19078. DOC indicated it would further respond to the request on or before April 6, 2012.

On April 3, 2012, DOC notified the requestor that DOC had identified and gathered the records she requested, but the records were exempt from disclosure under RCW 9.73.095(3)(b). Additionally, DOC provided a three-page call report identifying the calls made by Garvie during the time period requested.

On April 23, 2012, the same requestor provided DOC with a copy of a court order issued by Snohomish County Superior Court compelling the release of the recordings. The order, dated April 23, 2012, required DOC to "produce a recording of . . . phone calls in its possession involving Mr. Garvie . . . calling" the specified telephone number between January and July 2010. CP at 110.

On April 30, 2012, DOC sent the requestor a letter informing her that DOC could not locate any recordings specified in the court order. In the letter, DOC explained that recorded calls automatically drop off the recording system after one year unless saved outside the system on a CD. DOC claimed the telephone recordings subject to the order were not preserved outside of the recording system. On May 17, 2012, the superior court dismissed with prejudice the case from which the order to compel issued. The requestor did not appeal.

C.    Third Request: PDU-20589

On June 12, 2012, DOC received another public records request from Garvie. DOC acknowledged receipt of this request in a timely manner and assigned it tracking number PDU-20589. In its response letter, DOC asked for confirmation of its interpretation of Garvie's request that he sought "[t]he original request submitted by [Garvie] that was assigned tracking number PDU-14345 and all the correspondence addressed to [Garvie] and/or [DOC] that were generated from that request." CP at 74. DOC requested Garvie to notify it if its interpretation was incorrect. DOC additionally notified Garvie that it would mail nine pages of responsive records to his father, Ralph Garvie.

Garvie did not challenge DOC's interpretation of his request, and he sent payment for the records. On July 11, 2012, DOC mailed the records relating to his first request to Ralph Garvie and closed the request. Garvie did not appeal DOC's response.

### D.     Fourth Request: PDU-20850

On June 29, 2012, while the third request was pending, DOC received another public records request from Garvie. This request sought "PDU-19078 which was filed on February 17, 2012, for [t]elephone [r]ecordings of Brian Eugene Garvie to [a specified number], between March 2009 and September 2010." CP at 82. In this request, Garvie indicated he had a court order issued by a superior court compelling the release of the recordings.

DOC acknowledged receipt of Garvie's request in a timely manner, confirmed that he sought the telephone recordings originally requested in his second request, assigned it tracking number PDU-20850, and requested a copy of the order compelling release of the recordings. A week later, Garvie provided DOC a copy of the same order it received in the second request. The case from which the order issued had already been dismissed with prejudice.

DOC acknowledged receipt of the order and stated it was reviewing everything. On August 27, 2012, DOC notified Garvie that it closed the fourth request and informed Garvie that he should contact his attorney with concerns regarding the court order. Garvie thereupon requested that DOC reopen this request. DOC responded that the requested records were exempt from disclosure for the same reasons stated in Garvie's earlier request.

## II.     PROCEDURAL HISTORY

On January 14, 2013, Garvie filed a complaint in the Thurston County Superior Court alleging violations of the PRA regarding the four public records requests. He sought statutory penalties. Subsequently, he filed a declaration of personal service of summon and complaint in which he declared that Ralph Garvie personally served the complaint on DOC Public Disclosures Unit. DOC entered a limited notice of appearance and, in its answer, affirmatively alleged insufficient service of process and lack of personal jurisdiction.

On March 8, 2013, the trial court told Garvie that his case would not be adjudicated until he properly served DOC and filed proof of the same. On May 9, 2013, Garvie properly served his complaint on the Attorney General's Office.

On September 13, 2013, the trial court entered an order denying Garvie's motion to show cause. The trial court granted DOC's motion for summary judgment because DOC "claimed an exemption for PDU-14345 on March 2, 2011, thereby triggering the one-year statute of limitations under RCW 42.56.550(6)." CP at 19. The trial court also found that DOC "claimed an exemption for PDU-19078 on April 3, 2012, thereby triggering the one-year statute of limitations under RCW 42.56.550(6)." CP at 19. The trial court ruled that Garvie's claims regarding PDU-14345 and PDU-19078 were barred because he did not commence the action in a timely fashion.

Additionally, the trial court ruled that DOC complied with the PRA in regards to PDU-20589 by responding within five business days and "produced all records responsive to its reasonable interpretation of [Garvie]'s request." CP at 20. The trial court also found that DOC complied with the PRA in regards to PDU-20850 by responding within five business days, and it properly exempted the requested telephone recordings under RCW 9.73.095(3)(b). The trial court denied Garvie's motion to show cause, granted DOC's summary judgment motion, and dismissed the complaint with prejudice. Garvie appealed.

ANALYSIS

Garvie argues that the trial court erred by granting DOC's motions for summary judgment. We disagree. We review a trial court's decision to grant a motion for summary judgment de novo. *Kofmehl v. Baseling Lake, LLC*, 177 Wn.2d 584, 594, 305 P.3d 230 (2013). We perform the same inquiry as the trial court. *Kofmehl*, 177 Wn.2d at 594. Summary judgment is an appropriate procedure for deciding public records cases. *Spokane Research & Defense Fund v. City of*

*Spokane*, 155 Wn.2d 89, 106, 117 P.3d 1117 (2005). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

I.    PRA REQUESTS

As a preliminary matter, Garvie argues that his four PRA requests should be treated as one ongoing request. He provides neither reference to the record nor citations to legal authority in support of this argument. Self-represented litigants are held to the same standard as attorneys and must comply with all procedural rules on appeal. *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). We will not consider arguments that are not supported by any reference to the record or by citation of authority. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). In this case, the record clearly demonstrates that Garvie treated his requests as separate requests. Two of the four requests sought telephone recordings from different time frames. We treat each of Garvie's requests separately and review each accordingly.

A.    First Request: PDU-14345

Garvie argues that the trial court erred when it found that his claim relating to PDU-14345 is time barred because he did not commence a legal action within the PRA's one year statute of limitations. We disagree and affirm the trial court's denial of Garvie's claim.

Civil actions are subject to dismissal if not commenced within the prescribed statute of limitations. *See* e. g., *Unisys Corp. v. Senn*, 99 Wn. App. 391, 994 P.2d 244 (2000). PRA actions "must be filed within one year of the agency's claim of exemption." RCW 42.56.550(6). In addition, "[w]hen an agency claims an exemption for an entire record or portion of one, it must

inform the requestor of the statutory exemption and provide a brief explanation of how the exemption applies to the record or portion withheld." *Rental Hous. Ass'n of Puget Sound v. City of Des Moines*, 165 Wn.2d 525, 539, 199 P.3d 393 (2009) (quoting WAC 44–14–04004(4)(b)(ii)); RCW 42.56.210(3).

Here, DOC responded in a timely manner and properly claimed an exemption on March 2, 2011, which triggered the start of the one-year statute of limitations. Garvie's action is time barred because he did not file it within one year of March 2, 2011. We affirm the trial court because there is no genuine issue of material fact and DOC is entitled to judgment as a matter of law.

B.      Second Request: PDU-19078

Garvie next argues that the trial court erred when it found that his claim relating to PDU-19078 is time barred because he did not commence action within the PRA's one year statute of limitations. We disagree and affirm the trial court's denial of Garvie's claim.

As discussed above, PRA actions must be filed within one year of the agency's claim of exemption. RCW 42.56.550(6). Here, DOC properly claimed an exemption on April 3, 2012 when it informed the requestor that it gathered the requested telephone recordings and identified that statutes under which the recordings were exempt. Garvie filed his complaint on January 14, 2013, within the one-year statute of limitations. But he did not properly serve DOC until May 9, 2013.

For the purpose of tolling the applicable statute of limitations, an action is commenced when either the complaint is filed or the summons is served, whichever occurs first. RCW 4.16.170. If the complaint is filed, the plaintiff then has 90 days thereafter to perfect service. RCW 4.16.170. Therefore, if a case is filed first, there is a 90-day tolling period to serve the defendant.

7

If service is accomplished within 90 days, the lawsuit is timely, even if the applicable limitations period has expired. *See*, e.g., *Wothers v. Farmers Ins. Co.*, 101 Wn. App. 75, 5 P.3d 719 (2000).

Garvie did not properly serve DOC after the 90-day window allowed by RCW 4.16.170.[2] Therefore, the statute of limitations was not tolled. Garvie's complaint is time barred because he did not timely commence his lawsuit. We affirm the trial court because there is no genuine issue of material fact and DOC is entitled to judgment as a matter of law.

Garvie also argues that the trial court stayed and tolled the time to perfect service and DOC did not object. Garvie provides no support or citation to authority for this argument. Therefore, we do not consider this argument. RAP 10.3(a)(6); *Cowiche Canyon Conservancy*, 118 Wn.2d at 809. Garvie's claim that the trial court tolled the statute of limitations fails.

Garvie finally argues that the trial court should have applied equitable tolling to revive his claims. A court may toll the statute of limitations when justice requires; however, it should permit equitable tolling sparingly. *State v. Duvall*, 86 Wn. App. 871, 875, 940 P.2d 671 (1997); *Finkelstein v. Sec. Prop., Inc.*, 76 Wn. App. 733, 739, 888 P.2d 161 (1995). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Millay v. Cam*, 135 Wn.2d 193, 206, 955 P.2d 791, 797 (1998). The party asserting equitable tolling bears the burden of proof. *City of Bellevue v. Benyaminov*, 144 Wn. App. 755, 767, 183 P.3d 1127 (2008). Here, Garvie offers no evidence and the record does not support a finding of bad faith, deception, or false assurances by DOC. Therefore, equitable tolling does not apply and the trial court did not err.

---

[2] Service is accomplished in a civil against the State by serving the "attorney general, or by leaving the summons and complaint in the office of the attorney general with an assistant attorney general." RCW 4.92.020.

C.    Third Request:  PDU-20589

Garvie argues that the trial court erred when it found DOC complied with the PRA relating to his claim, PDU-20589. We disagree and affirm the trial court's grant of summary judgment to DOC.

The PRA requires that, within five business days of receiving a record request, an agency must provide the record, acknowledge receipt of the request and provide a reasonable estimate of the time needed to respond, or deny the request. RCW 42.56.520. Additional time to respond to a request may be based on the need to clarify the request, locate and assemble requested information, or determine whether any requested information is exempt. RCW 42.46.520. An agency may seek clarification if a request is unclear. RCW 42.46.520.

Here, DOC received Garvie's third public records request on June 12, 2013. Within five days it responded to the request and assigned it a tracking number PDU-20589. In its response, DOC requested clarification of Garvie's request and advised him that its interpretation was that Garvie sought the records associated with his original request from February 2011, PDU-14345. Garvie did not notify DOC that its interpretation was incorrect, and he sent DOC payment for the records. DOC properly complied with the PRA. Therefore, the trial court did not err and we affirm the trial court because there is no genuine issue of material fact and DOC is entitled to judgment as a matter of law.

D.    Fourth Request:  PDU-20850

Garvie argues that the trial court erred when it found DOC complied with the PRA relating to his claim, PDU-20850, and that DOC properly exempted the telephone recordings under RCW 9.73.095(3)(b). We disagree and affirm the trial court's denial of Garvie's claim.

The PRA requires that denials of requests must be accompanied by a written statement of the specific reasons for denial. RCW 42.46.520. As discussed above, when an agency refuses inspection of a record based on exemption of that record, the agency's response must include a statement of the specific statutory exemption authorizing withholding and a brief explanation of how the exemption applies to the record withheld. *Rental Hous. Ass'n,* 165 Wn.2d at 539 (quoting WAC 44–14–04004(4)(b)(ii)); RCW 42.56.210(3). RCW 42.56.070(1) provides that agencies shall make available for public inspection and copying all public records, unless the record falls within the specific exemptions of another statute which exempts disclosure of certain records. RCW 9.73.095(3)(b) provides that "[t]he contents of any intercepted and recorded conversation shall be divulged only as is necessary to safeguard the orderly operation of the correctional facility, in response to a court order, or in the prosecution or investigation of any crime."

Here, DOC received Garvie's fourth public records request on June 29, 2012. It responded to the request and assigned it tracking number PDU-20850 on July 9, 2012, within five business days. In its response, DOC notified Garvie he was requesting the same telephone recordings previously sought by his attorney on his behalf. Therefore, DOC complied with the PRA when it responded to Garvie's request within five business days.

DOC properly exempted the requested telephone recordings from disclosure under RCW 9.73.095(3)(b). In its response on July 9, 2012, DOC requested the court order compelling release of the records. Although Garvie provided a copy of a court order issued by a superior court compelling release of the recordings, the order was no longer valid because the case had been dismissed with prejudice. Therefore, DOC properly claimed a statutory exemption for release. RCW 9.73.095(3)(b), RCW 42.56.070.

Garvie also argues that DOC failed to adequately explain the basis for withholding the records as required by RCW 42.56.210(3). We disagree. DOC provided an adequate brief explanation in a timely manner in which it identified the statutes under which the recording were exempt. We affirm the trial court because there is no genuine issue of material fact and DOC is entitled to judgment as a matter of law.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Bjorgen, A.C.J.

Maxa, J.