[No. 42169-7-I. Division One. February 14, 2000.]

UNISYS CORPORATION, ET AL., *Appellants*, v. DEBORAH SENN, *Defendant*, WASHINGTON LIFE AND DISABILITY INSURANCE GUARANTY ASSOCIATION, *Respondent*.

---

*Kelly Patrick Corr* of *Corr Cronin, L.L.P.* (*Laurence Z. Shiekman* and *Joanne Hyle* of *Pepper Hamilton, L.L.P.*, of counsel), for appellants.

*Timothy J. Parker* and *Catherine A. Rothwell* of *Carney, Badley, Smith & Spellman*, for respondent.

APPELWICK, J. — The fiduciary holder of retirement annuity contracts appeals a summary judgment order in an action against the statutory guarantor of the obligations of an insolvent insurer. The court found the guarantee obliga-

tions to be statutory, not contractual. Therefore, the two-year statute of limitations applies. Because the cause of action was filed more than two years after the annuity contracts had matured, the statute of limitations had run. We affirm.

## FACTS

Unisys is a corporation organized and existing under the laws of the state of Delaware. Unisys established and is the named fiduciary and plan administrator of the Unisys Savings Plan and the Unisys Retirement Investment Plan (collectively the "Plans"). The Plans provided retirement and other benefits by permitting eligible Unisys employees to defer and invest a portion of their compensation and by providing matching contributions from Unisys. CoreStates is a national banking association that acts as Trustee of the Unisys Employee Savings Thrift Trust, a trust fund established between CoreStates and Unisys under and pursuant to the Plans and the Trust Agreement dated January 1, 1994. CoreStates and Unisys hold the Plans' assets for the benefit of the participants (collectively referred to as Unisys).

Executive Life Insurance Company (ELIC), a California insurance company, issued group annuity contracts to Unisys employees. The retirement savings of Unisys employees participating in the Plans were used to purchase four annuity contracts from ELIC. Northern Trust Company, the trustee of the Plans, is the named contract owner.

The Los Angeles County Superior Court placed ELIC in conservatorship on April 11, 1991. An Order of Liquidation was entered December 6, 1991. On July 6, 1992, the superior court entered a Final Judgment Approving the Final Rehabilitation/Liquidation Plan. Under the court-ordered Rehabilitation Plan, state guaranty associations including the Washington Life and Disability Insurance Guaranty Association (WLDIGA), could fulfill their statutory obligations by effecting reinsurance through Aurora National Life Assurance Company (Aurora).

ELIC sent an Election Package in December 1993 where contract holders had the option to: (1) participate in the Rehabilitation Plan and (to the extent the contract was covered by the state guaranty association) receive enhanced benefits through the payments made by the guaranty associations to Aurora; or (2) opt-out of the Rehabilitation Plan and receive the liquidation value of their contracts from the ELIC estate.

Unisys demanded that the WLDIGA extend coverage to Washington residents for the full value of the ELIC contracts, but the WLDIGA refused. On May 4, 1992, Unisys wrote to the Office of the Washington Insurance Commissioner (Office) regarding coverage for the annuity contracts. The Office indicated that there did not appear to be coverage under RCW 48.32A.

The annuity contracts matured between December 31, 1992, and June 30, 1993. The WLDIGA made no payments to Unisys. In letters dated January 31, 1995, and March 17, 1995, Unisys requested coverage and a tolling agreement from the WLDIGA. On March 7, 1997, Unisys once again requested coverage. The WLDIGA responded by letter dated March 27, 1997, stating that it must "continue to deny the request for coverage."

Unisys filed a complaint against the WLDIGA on April 10, 1997, in King County Superior Court, for declaratory and equitable relief to compel the WLDIGA to guarantee the annuity contracts. The WLDIGA moved for summary judgment on grounds that the action is barred by the two-year statute of limitations. The superior court granted the WLDIGA's motion on January 5, 1998. Unisys now appeals the summary judgment order.

## ANALYSIS

### Standard of Review

■ In reviewing a summary judgment order, the court of appeals engages in the same inquiry as the trial court, evaluating the matter de novo. *Kruse v. Hemp*, 121 Wn.2d

715, 722, 853 P.2d 1373 (1993). The appellate court considers the facts submitted and all reasonable inferences from those facts in the light most favorable to the nonmoving party. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. CR 56(c ); *Kruse*, 121 Wn.2d at 722.

Statute of Limitations

The question of what is the proper statute of limitations largely turns on whether Unisys' claim against the WLDIGA is based on contract or statutory liability.

The WLDIGA is a nonprofit association created by chapter 48.32A RCW, the Washington Life and Disability Insurance Guaranty Association Act (Act). The WLDIGA's statutory purpose is to assure the performance of certain insurance contractual obligations of insolvent insurers. RCW 48.32A.010. The WLDIGA is funded by assessment of life and disability insurers that are authorized to transact business in Washington. The WLDIGA has the power to sue or be sued pursuant to RCW 48.32A.050(1). The WLDIGA is under the supervision of the insurance laws of Washington. RCW 48.32A.040.

The Act does not itself identify an applicable statute of limitations for actions brought against the WLDIGA when insolvent insurers fail to meet their contractual obligations. Washington courts also have not addressed this question. Unisys claims that RCW 4.16.040(1) is the pertinent statute. This statute provides a six-year statute of limitations for "[a]n action upon a contract in writing, or liability express or implied arising out of a written agreement." RCW 4.16.040(1). The WLDIGA claims that the proper limitation period is two years under RCW 4.16.130. The so-called "catch-all" statute provides that "[a]n action for relief not hereinbefore provided for, shall be commenced within two years after the cause of action shall have accrued." RCW 4.16.130.

Other jurisdictions have addressed whether the nature of a right of payment to annuity contract owners under similar state guaranty acts is statutory or contractual. In *Honeywell, Inc. v. Minnesota Life & Health Insurance Guaranty Ass'n*, 518 N.W.2d 557 (Minn. 1994), the U.S. District Court certified two questions to the Minnesota Supreme Court regarding the effect of an amendment to the Minnesota Guaranty Association Act. The court did not address the statute of limitations issue but held that the right of payment in favor of annuity contract owners is a purely statutory right under state law. *Id.* at 563. The court reasoned that if annuity contract owners have rights against the Association, "it is because they are set forth in the statute. The Association's statutory obligations are not coextensive with the contractual obligations of a failed insurer." *Id.* Similarly, the California and Nevada courts have found that the right of payment is statutory. *See Isaacson v. California Ins. Guar. Ass'n*, 44 Cal. 3d 775, 786, 244 Cal. Rptr. 655, 750 P.2d 297, 301 (1988); *Nevada Ins. Guar. Ass'n v. Sierra Auto Ctr.*, 108 Nev. 1123, 1127, 844 P.2d 126, 128 (1992).

In *Cannon v. Miller*, 22 Wn.2d 227, 155 P.2d 500, 157 A.L.R. 530 (1945), the court considered whether an action under the Fair Labor Standards Act was an action upon contract or an action upon a liability created by statute. The respondent argued that the claim was contractual because the statutory obligations contained in the Fair Labor Standards Act are read into and become a part of the employment contract between the employer and employee. The court held that the claim was statutory because the appellant's would be under no obligation, but for the Fair Labor Standards Act. *Id.* at 242. The court said that the statute, "rather than a contract whether express or implied in fact, is the foundation upon which respondents' actions must rest. In this instance, the statute alone created the obligation, and the law imposes upon it a fictitious promise to pay, in order that the contractual remedy of assumpsit may be made applicable thereto." *Id.* (Emphasis omitted.)

Unisys argues that the WLDIGA assumed the contractual obligations of ELIC after the latter's insolvency, and therefore the six-year statute of limitations for written contracts applies. In other words, that the WLDIGA stepped into the shoes of ELIC and formed a contractual relationship with the annuity contract owners. Interpreting a similar state guarantee act, the Virginia Supreme Court said that the Association does not automatically step into the shoes of the insolvent insurer: "it is not merely a solvent substitute for an insolvent insurance company." *Virginia Property & Cas. Ins. Guar. Ass'n v. International Ins. Co.*, 238 Va. 702, 705, 385 S.E.2d 614, 616 (1989). Here, we find that the six-year statute of limitations applies only when the WLDIGA accepts the coverage obligations of an insolvent insurer. Once the WLDIGA is party to a contract with the insured, any breach of that contract is subject to a six-year statute of limitations.

■ But for the Act, claims against the WLDIGA would not exist. The only reason the WLDIGA may step into the shoes of ELIC in the first place is because the statute says so. The WLDIGA's obligations are statutory in nature. We hold that the two-year statute of limitations applies to the question of coverage by the WLDIGA. Therefore, Unisys had a two-year period to establish that the WLDIGA had an obligation to insure the annuities.

Accrual of Statute of Limitations

We next turn to what triggered the statute of limitations. Unisys argues that its claims are not time-barred even if the two-year statute of limitations applies, because they did not accrue until the WLDIGA denied its claim on March 27, 1997. The WLDIGA claims that the cause of action is time barred, because it accrued when the ELIC Order of Liquidation was entered on December 6, 1991, almost six years before the action was filed. We agree with the WLDIGA that the claims are time-barred, but on different grounds.

■ ■ An action must commence before the statute of

limitation has run. Generally, actions "can only be commenced within the periods provided in this chapter after the cause of action has accrued." RCW 4.16.005. Traditionally, a claim accrues when the harm occurs, regardless of whether the plaintiff had knowledge of her rights. *Allyn v. Boe*, 87 Wn. App. 722, 736, 943 P.2d 364 (1997); 15 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE: TRIAL PRACTICE, CIVIL, § 411 (1996). A cause of action also accrues when a party has the right to seek relief in the courts. *Gunnier v. Yakima Heart Ctr., Inc.*, 134 Wn.2d 854, 953 P.2d 1162 (1998); *Malnar v. Carlson*, 128 Wn.2d 521, 529, 910 P.2d 455 (1996).

Here, the maturity of the ELIC annuity contracts triggered a payment obligation under the original contract. Unisys does not dispute that one annuity matured on December 31, 1992, and three others matured on June 30, 1993. It is also undisputed that the WLDIGA made no payment upon the maturity of those annuities. We find that the running of the statute of limitations regarding coverage is commenced on the maturity of each contract, respectively.

Unisys requested coverage in writing on January 31, 1995. The request came more than two years after the maturity of the first annuity, but less than two years after the maturity of the last three annuities. Unisys, however, did not file a lawsuit until April 10, 1997. Clearly, the two-year statute of limitations expired if measured from the maturity of the annuity contracts on which the claims are based.

Unisys says that the statute of limitations accrued only when the WLDIGA communicated that it would not insure the annuity contracts. Unisys cites a discrimination case, *Albright v. Department of Social & Health Services*, 65 Wn. App. 763, 829 P.2d 1114 (1992), to support its argument. In *Albright*, the court examined when plaintiff's cause of action accrued to determine whether the statute of limitations had run. The court held that the claim's statute of limitations did not accrue until the decision not to accommodate the plaintiff's handicap was communicated to the

claimant. *Id.* at 767. The decision not to accommodate the claimant's handicap was the precipitating event of the action. In this case, maturity of the annuity contract and nonpayment by the WLDIGA were the "communicating" events.

Unisys also relies on *Clark Equipment Co. v. Arizona Property & Casualty Insurance Guaranty Fund*, 189 Ariz. 433, 943 P.2d 793 (Ariz. Ct. App. 1997). In *Clark Equipment*, the court considered when a one-year statute of limitations accrued in a cause of action under the Arizona Property and Casualty Insurance Guaranty Fund (Fund). The court held that the plaintiff's claim against the Fund did not begin accruing until the latter notified the former that its claims had been denied. *Id.* at 800. But in that case, the claimant never knew whether the claims were approved or denied. *Id.* Here, Unisys was aware of the absence of coverage before 1997. Unisys received the Election Package in December 1993. The Election Package advised Unisys that if a guaranty association was not listed, there was no guaranty association coverage. Unisys complained in a May 4, 1992 letter to the WLDIGA's Commissioner that the WLDIGA was not providing it with a claim form. Unisys requested a tolling agreement with the WLDIGA on January 31, 1995. Surely, Unisys would not have requested an agreement if it did not believe it had a claim against the WLDIGA.

Nonetheless, we need not resolve whether a notice rule like *Clark Equipment* applies. Having concluded that the maturity of the annuity contract triggered the running of the statute of limitations, we need not reach an opinion as to whether any earlier events of conservatorship or insolvency did or did not trigger the statute of limitations. The summary judgment is affirmed.

AGID, A.C.J., and BAKER, J., concur.