IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| KEITH LENICHULAS NASH, | ) | No. 81841-4-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CHUCK ATKINS, in his individual and official capacity; MIKE COOK, in his individual and official capacity; RICHARD J. BISHOP, in his individual and official capacity; KEVIN SCHMIDT, in his individual and official capacity; RANDY TANGER, in his individual and official capacity; CYNTHIA BULL, in her individual and official capacity; PAUL DOUGHER, in his individual and official capacity; DEBBIE SCHMIERER, in her individual and official capacity; DAN PLOTNER, in his individual and official capacity; MICHELLE ADDIE, in her individual and official capacity; SCOTT GENTRY, in his individual and official capacity; CHRISTOPHER ANDERSON, in his individual and official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

HAZELRIGG, J. — Keith L. Nash seeks reversal of an order dismissing his suit for negligence against employees of the Clark County Sheriff's Office. Although Nash filed his complaint within the allowable period, he did not serve the defendants with the summons and complaint, thereby completing commencement of the action, before the statute of limitations ran. We affirm.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

FACTS

On September 16, 2015, Keith Nash filed a complaint in Clark County Superior Court against a number of Clark County Sheriff's Office employees. In January 2017, he sought voluntary dismissal of the suit because he had not filed a tort claim with the County Office of Risk Management before commencing his suit, as required by RCW 4.92.100 and .110. The court dismissed the complaint without prejudice. Nash then filed a tort claim form with Clark County Risk Management. The County denied indemnity and liability regarding his claims. Nash moved to vacate the dismissal of his complaint, but the court denied the motion.

On May 9, 2018, he filed another complaint in Clark County Superior Court under the same case number, alleging that the defendants' actions from August 30, 2014 through August 21, 2015 constituted negligence. The twelve defendants, all employees of the Clark County Sheriff's Office, were named in both their individual and official capacity. Nash sought a waiver of civil fees and surcharges, asserting that he had been incarcerated since August 9, 2016 and could not afford the fees. The court found him indigent and granted the fee waiver.

Nash also filed a motion seeking permission to serve the defendants by mail or waive the service rules entirely. He argued that such accommodation was justified because he was incarcerated, indigent, and representing himself in the action. He also sent to the clerk of the court a "NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS" addressed to the defendants. The court noted that "[t]he [m]otion/[r]equest to waive service is

intended to be served on Defendants. No action to be taken by assigned [department]." Nash filed the same motion a second time, which the court denied.

On August 2, 2018, the court assigned a new cause number to the 2018 complaint and transferred all documents filed after the complaint to the new case. A month later, Nash requested an additional 60 days to accomplish proper service. He argued that good cause existed to grant the extension because he believed that "this case was current under former cause number 15-2-02580-9 which previously obtained proper service" and because he was incarcerated and pro se. The court denied the motion.

On April 16, 2019, the defendants moved to dismiss the complaint under CR 12(b)(4) and (6), arguing that Nash had failed to serve the summons and complaint and that his claims were barred by the statute of limitations. Nash argued in response that he had served the county auditor and that the court should allow equitable tolling of the statute of limitations because he was "not at fault for actual delays by the county failure to commence with [sic] plaintiff's claims for damages." He asserted that he had served the summons and complaint on the county auditor on November 18, 2018. He attached a copy of a letter addressed to the auditor in which he stated, "I am and will send you copies of the civil complaint, summons and notice of lawsuit for each named [defendant] as my available remedy to properly serve the county separately from this letter," and requested "a copy of proof of service to each named [defendant] if appropriate." He sent another letter on February 21, 2019 in which he again requested "proof of

service." Nash asserted that the auditor told him over the phone that he had received the copies of the summons and complaint.

The court granted the defendants' motion and dismissed the matter with prejudice. Nash moved for reconsideration under CR 59, which was denied. He appealed the dismissal and the denial of reconsideration.

ANALYSIS

I.      Motion for Service by Mail or Waiver of Service Requirements and Motion for Extension of Time for Service

Nash contends that the court erred in denying his motion seeking permission to serve the defendants by mail under CR 4(d)(4) or waiver of the service rules. He also argues that the court erred in denying his request for an extension of time to effectuate service of the summons and complaint under CR 6(b). However, the court's orders denying these motions do not appear to be included in the record before us. The party seeking review has the responsibility to designate the clerk's papers to be transmitted to the appellate court. RAP 9.6(a); State v. Drum, 168 Wn.2d 23, 38 n.3, 225 P.3d 237 (2010). "The clerk's papers shall include, at a minimum: . . . any written order or ruling not attached to the notice of appeal, of which a party seeks review." RAP 9.6(b)(1)(D). We are not able to review matters referred to in the briefing but not included in the record. State v. Stockton, 97 Wn.2d 528, 530, 647 P.2d 21 (1982). Therefore, we cannot consider these assignments of error.

II.     Dismissal

Nash contends that the trial court erred in granting the defendants' motion to dismiss under CR 12(b).  A party may move for dismissal on the grounds that the plaintiff has failed to state a claim on which relief can be granted.  CR 12(b)(6).  If matters outside the pleading are presented to the court on a motion to dismiss under CR 12(b)(6) and the court does not exclude them, "the motion shall be treated as one for summary judgment."  CR 12(b).  Where the trial court has considered matters outside the pleadings, we review a trial court's order on a CR 12(b)(6) motion as a grant of summary judgment.  Lakey v. Puget Sound Energy, Inc., 176 Wn.2d 909, 922, 296 P.3d 860 (2013).

A decision granting summary judgment is reviewed de novo.  Id.  Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  CR 56(c).  On summary judgment, courts view all evidence and reasonable inferences from the evidence in the light most favorable to the nonmoving party.  Lakey, 176 Wn.2d at 922.

The defendants argue that the court properly dismissed Nash's complaint because he failed to commence his lawsuit within the applicable statute of limitations.  "An action must commence before the statute of limitation has run." Unisys Corp. v. Senn, 99 Wn. App. 391, 397–98, 994 P.2d 244 (2000).  The statute of limitations for negligence claims is three years.  RCW 4.16.080(2); Woods View II, LLC v. Kitsap County, 188 Wn. App. 1, 20, 352 P.3d 807 (2015).  The statute of limitations begins to run when a cause of action accrues; that is, when the plaintiff has the right to apply to a court for relief.  RCW 4.16.005; 1000 Va. Ltd. P'ship v.

Vertecs Corp., 158 Wn.2d 566, 575, 146 P.3d 423 (2006). A cause of action accrues when the plaintiff discovers, or with reasonable diligence should have discovered, the facts underlying the elements of the cause of action. 1000 Va. Ltd. P'ship, 158 Wn.2d at 575–76. Often, this happens immediately when the wrongful act occurs. Id. at 575.

Nash does not appear to contend that his cause of action accrued and the statute of limitations began to run later than the dates of the incidents he alleges. Therefore, to fall within the statute of limitations, Nash would have had to commence his lawsuit by August 21, 2018.

A civil action is deemed commenced when the complaint is filed or when the summons and complaint are served on the defendant. CR 3(a). For purposes of tolling the statute of limitations, if the complaint is filed before the summons is served, the plaintiff must serve the defendant within 90 days of filing the complaint. RCW 4.16.170.

This provision applies only when the statute of limitations is tolled and does not require that the service and filing occur within 90 days of each other if the statute of limitations has not expired. Kramer, v. J.I. Case Mfg. Co., 62 Wn. App. 544, 548, 815 P.2d 798 (1991). Even if the defendant is served outside of the 90-day period, "[t]he action remains valid . . . if the second step is accomplished before the statute of limitations actually has run." Collins v. Lomas & Nettleton Co., 29 Wn. App. 415, 418, 628 P.2d 855 (1981). However, the summons and complaint must be served before the statute of limitations expires. See Kramer, 62 Wn. App. at 549. "Proper service of the summons and complaint is essential to invoke

personal jurisdiction" over the defendant. Scanlan v. Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014) (internal quotation marks omitted) (quoting Morris v. Palouse River & Coulee City R.R., Inc., 149 Wn. App. 366, 370–71, 203 P.3d 1069 (2009)). The plaintiff bears the burden to make a prima facie showing that service was sufficient. Id.

As noted above, the statute of limitations on Nash's claims expired on August 21, 2018. Even if we assume that Nash's November 18, 2018 letter to the county auditor sufficed as service of process, service was not made before the statute of limitations expired. Nash has not made a prima facie showing of sufficient service.

Nevertheless, Nash argued that the court should find that he was entitled to equitable tolling of the statute of limitations because he was not at fault for the failure to serve the defendants. Courts may grant equitable tolling of the statute of limitations when justice requires. Finkelstein v. Sec. Props., Inc., 76 Wn. App. 733, 739, 888 P.2d 161 (1995). "The predicates for an equitable tolling of the statute of limitations are either bad faith, deception, or false assurances by the defendant, and the exercise of diligence by the plaintiff." Id. at 739–40. Equitable tolling is appropriate when it is consistent with the statute providing the cause of action and the purpose of the statute of limitations. Douchette v. Bethel Sch. Dist. No. 403, 117 Wn.2d 805, 812, 818 P.2d 1362 (1991).

"The purpose of statutes of limitations is to shield defendants and the judicial system from stale claims." Crisman v. Crisman, 85 Wn. App. 15, 19, 931 P.2d 163 (1997). Statutes of limitations serve the practical purpose of preventing

claims from coming before the court after "evidence has been lost, memories have faded, and witnesses have disappeared." Haslund v. City of Seattle, 86 Wn.2d 607, 620, 547 P.2d 1221 (1976) (internal quotation marks omitted) (quoting Order of R.R. Telegraphers v. Railway Express Agency, Inc., 321 U.S. 342, 349, 64 S. Ct. 582, 88 L. Ed. 788 (1944)).

Here, although Nash sought assistance from the county auditor in serving the defendants, nothing in the record shows that he received any false assurances that the service requirements were satisfied. Likewise, there is no indication of bad faith or deception by the defendants. Equitable tolling in this instance is not consistent with the purposes of the statute of limitations to bar stale claims.

Because Nash did not serve the summons and complaint within the applicable statute of limitations and equitable tolling of the statute was not warranted, the court did not err in dismissing his complaint.

III.    Motion for Reconsideration

Nash also contends that the court erred in denying his motion for reconsideration. The trial court's decision on a motion for reconsideration is within the court's discretion. Chen v. State, 86 Wn. App. 183, 192, 937 P.2d 612 (1997). The court abuses its discretion if its decision is based on untenable grounds or is manifestly unreasonable or arbitrary. Weyerhaeuser Co. v. Commercial Union Ins. Co., 142 Wn.2d 654, 683, 15 P.3d 115 (2000).

Nash moved for reconsideration under CR 59(a)(7) and (9). A decision or order of the court may be vacated and reconsideration granted on the motion of the party aggrieved for certain specified reasons materially affecting the substantial

rights of the party. CR 59(a). One such reason is "[t]hat there is no evidence or reasonable inference from the evidence to justify the verdict or the decision, or that it is contrary to law." CR 59(a)(7). Reconsideration may also be granted on the grounds that substantial justice has not been done. CR 59(a)(9).

Nash argued that the court's decision was contrary to law and unsupported by the evidence because he had timely served the county auditor with copies of the summons and complaint and because the court should have granted equitable tolling of the statute of limitations. However, as discussed above, the record does not support the assertion that service on the county auditor was timely, even assuming service was proper. Likewise, Nash did not demonstrate that he was entitled to equitable tolling of the statute. Nash also argued that substantial justice had not been done. However, he did not demonstrate that the trial court abused its discretion in denying reconsideration.

Affirmed.

WE CONCUR:

Mann, C.J.

- 9 -