**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| KENNETH TAYLOR CURRY, | No. 55431-3-II |
| Appellant, | |
| v. | |
| VANCOUVER HOUSING AUTHORITY, and ROY JOHNSON in his Official and his Private Capacity, Joint and Several, | UNPUBLISHED OPINION |
| Respondents. | |

WORSWICK, J. — Kenneth Curry appeals a trial court order granting summary judgment and dismissing his lawsuit with prejudice. In addition to this case, Curry filed two prior lawsuits against the Vancouver Housing Authority (VHA) and its Executive Director, Roy Johnson (collectively Respondents) arising from his participation in the Section 8 Housing Program and a reasonable accommodation request. After his first lawsuit was dismissed for lack of jurisdiction, he filed the second lawsuit in federal court, which was dismissed on summary judgment. Curry then filed the current lawsuit in superior court. The superior court granted the Respondents' motion for summary judgment, dismissing the case with prejudice on statute of limitations and res judicata grounds.

On appeal Curry argues that (1) the trial court erred in refusing to review the VHA's finding that Curry posed criminal or violent threat, (2) the VHA violated Curry's due process rights by denying his participation in the Section 8 Housing Program, (3) the VHA lacked subject matter jurisdiction to find Curry as a person posing a criminal threat, (4) the trial court erred in ordering Curry to pay Respondents' attorney fees, (5) the VHA administrative plan section III(C) is unconstitutionally vague, and (6) the VHA denied Curry equal protection by discriminating against him based on his disability.

The Respondents argue that Curry's appeal should be dismissed because the statute of limitations and res judicata bar the suit.

We do not address Curry's substantive arguments, but instead agree with the Respondents and affirm the trial court's summary judgment and dismissal with prejudice.

## FACTS

### I. BACKGROUND

The VHA is a local public housing agency providing subsidized housing in Vancouver, through the U.S. Department of Housing and Urban Development (HUD) Section 8 Housing Choice Vouchers Program.

Curry became eligible for Section 8 housing assistance in August 2014. He initially received a voucher form for a one-bedroom housing unit but desired a two-bedroom voucher, asserting that he is disabled and requires an additional bedroom to accommodate a live-in aide or extended visitor to help care for him. Curry made a reasonable accommodation request based on financial need and to obtain a two-bedroom voucher. The VHA denied Curry's reasonable accommodation request but explained in a letter to Curry that it would reconsider his request if

he submitted additional documentation substantiating his claimed disability and need for live-in assistance. The letter also stated that Curry could appeal the denial of his reasonable accommodation request.

After the VHA denied Curry's reasonable accommodation request, Curry met with a VHA employee to discuss his participation in the Section 8 Housing Program and reasonable accommodation request. Curry became agitated during the meeting when the VHA employee tried to conclude the meeting and other VHA employees had to intervene. Curry returned to the office twice over the following two days, and when he became frustrated over how the VHA was handling his participation and accommodation request, he called a VHA employee from the lobby of the office building and threatened her by saying: "the reason I wanted to meet with you face-to-face yesterday was because I didn't know who you were. I know where you live, I know what your children look like, and I can get your ass sued at any time and you will lose everything." Clerk's Papers (CP) at 23. The employee notified her supervisor, and VHA staff asked Curry to leave the building and called the police. However, Curry stayed in the parking lot across the street, staring down VHA employees as they left the building.

Curry returned again to the VHA building a few days later and met with the Director of Voucher Programs. After about forty minutes, the VHA's Executive Director, Roy Johnson, informed Curry that he was aware he had threatened VHA employees the prior week and asked him to leave the building.

A day later, Johnson sent Curry a letter stating that the VHA was proposing to deny his continued participation in the Section 8 Housing Program based on his behavior. The letter explained that Curry's threatening behavior and conduct violated the VHA's administrative plan

policy. The letter also notified Curry that he had 10 days to request an informal hearing to review the decision terminating his participation the in the Section 8 Housing Program.

Curry requested an informal hearing which was scheduled for December 2014. At the hearing, Curry threatened VHA employees, interrupted witness testimony, and stated that he knew where two VHA employees lived. The hearing officer terminated the hearing because of Curry's disruptive behavior and concluded that Curry violated the VHA's policy by threatening and displaying violent behavior toward VHA personnel. The hearing officer upheld the VHA's proposed denial of Curry's participation in the Section 8 Housing Program.

## II. PROCEDURAL HISTORY

In February 2016, Curry filed a lawsuit against the VHA in Clark County superior court, and the trial court dismissed the case with prejudice.[1] In November 2016, Curry filed a lawsuit against the Respondents in federal court. Curry alleged that the Respondents denied him a two-bedroom housing voucher and rescinded the one-bedroom voucher without due process. Curry's requested relief included restitution and program enrollment; nominal, general, exemplary, and punitive damages; equitable relief and other relief. The district court granted Respondents' motion for summary judgment and dismissed the case with prejudice.

Curry appealed to the United States Court of Appeals for the Ninth Circuit, and the Ninth Circuit affirmed the district court's decision. Curry then petitioned to the United States Supreme Court, which denied review.

---

[1] Although the order does not specify a reason, the VHA claims this lawsuit was dismissed for lack of subject matter jurisdiction.

In 2019, Curry filed this lawsuit in Clark County superior court, alleging breach of contract, due process violations, and disability discrimination. He again alleged that he was denied his civil rights, and also alleged breach of contract and that he was discriminated against because he is disabled and over 50 years old. He sought restitution for loss of his housing voucher, general, exemplary, and punitive damages, enrollment in the voucher program, and other relief.

Curry served his complaint on Respondents on November 15, 2019. After receiving the complaint, the VHA sent a letter to Curry, urging him to dismiss the lawsuit, citing res judicata, and warning Curry that it would seek CR 11 sanctions.[2] Respondents filed an answer on August 28, 2020. Respondents' answer was the first responsive pleading filed in the lawsuit, and it contained the statute of limitations and res judicata affirmative defenses. The Respondents then moved for summary judgment and sanctions. The trial court granted the VHA's motion for summary judgment and dismissed the lawsuit with prejudice. The court also granted the VHA's request for attorney's fees because Curry brought this suit in violation of CR 11 and prohibited Curry from filing any future action in any state court related to the VHA's termination of Curry's participation in the Section 8 Housing Voucher Program.

Curry appeals the trial court's orders granting summary judgment dismissal of his lawsuit and imposing attorney fees against him.

---

[2] CR 11 requires each pleading to be made in good faith, or be grounded in fact or warranted by existing law. *West v. State, Wash. Ass'n of County Officials*, 162 Wn. App. 120, 135, 252 P.3d 406 (2011). A trial court may impose sanctions for a violation of CR 11 against a pro se appellant. *West*, 162 Wn. App. at 135.

## ANALYSIS

### I. STATUTE OF LIMITATIONS

Respondents argue that the statute of limitations bars all of Curry's causes of action. Curry argues that Respondents waived the statute of limitations defense because they failed to serve him with any responsive pleading asserting the defense. We hold that the statute of limitations bars all of Curry's claims, except his breach of contract claim.

A.    *Waiver*

Expiration of the statute of limitations is an affirmative defense. CR 8(c). Because it is an affirmative defense, the defendant bears the burden of proof. *Kiona Park Estates v. Dehls*, 18 Wn. App. 2d 328, 336, 491 P.3d 247 (2021). When a party fails to plead an affirmative defense in their first responsive pleading, the defense is waived. *In re Estate of Palmer*, 145 Wn. App. 249, 258, 187 P.3d 758 (2008). An answer to a complaint is due within 20 days after service of the summons and complaint. CR 12(a)(1).

Here, Respondents answered the complaint and asserted the statute of limitations defense. Curry served his complaint on Respondents on November 15, 2019, and Respondents filed an answer on August 28, 2020. Although Respondents did not file their answer within 20 days, Curry fails to cite authority showing that an untimely answer waives an affirmative defense. And, "[w]here a party does not cite to such authority, we assume there is none." *Peterson v. Dep't of Labor & Indus.*, 17 Wn. App. 2d 208, 237, 485 P.3d 338 (2021).

Because Respondents asserted the statute of limitations defense in their first responsive pleading, the defense is not waived.

No. 55431-3-II

B.      *Limitations Periods*

Curry pleaded various causes of action, including breach of contract, due process violations, and disability discrimination. The trial court's summary judgment order states it dismissed Curry's complaint under the doctrine of res judicata and for violation of the statute of limitations. Curry argues that his contract claim falls under the six-year statute of limitations, and thus his claim is not barred by the statute of limitations. We hold that Curry's breach of contract claim is not barred by the statute of limitations but that his other claims are.

To avoid a statute of limitations defense, the plaintiff must commence an action within the limitation period. *Unisys Corp. v. Senn*, 99 Wn. App. 391, 397-98, 994 P.2d 244 (2000). An action commences when a party files the complaint or serves the summons and complaint. *Blankenship v. Kaldor*, 114 Wn. App. 312, 316, 57 P.3d 295 (2002). Generally, the statute of limitations begins to run when the harm occurs. *Senn*, 99 Wn. App. at 398. RCW 4.16.040(1) provides for a six-year statute of limitations for "[a]n action upon a contract in writing, or liability express or implied arising out of a written agreement." However, when a plaintiff asserts causes of action based on civil rights violations, courts apply the state's personal injury statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 384, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). Washington's statute of limitations for personal injury is three years. RCW 4.16.080. Additionally, discrimination claims made under the Washington Law Against Discrimination (WLAD), chapter 49.60 RCW, are subject to the three-year limitation period. *Antonius v. King County*, 153 Wn.2d 256, 261, 103 P.3d 729 (2004).

Here, Curry commenced this action in 2019, less than six years after the statute of limitations began to run. Respondents argue that Curry's baldly asserted breach of contract

7

claim is without merit. However, regardless of the merits of Curry's contract claim, his claim for breach of contract is clearly not barred by the statute of limitations.

However, Curry's other causes of action are barred because they fall under a three-year statute of limitations. Curry alleged due process violations and disability discrimination. Because these are civil rights and WLAD claims, they fall under the three-year statute of limitations. And because these claims were filed three years after the statute of limitations began to run, they are barred, and Respondents' defense prevails on these claims.

C.      *Tolling*

Curry argues that even if the three-year statute of limitations applies, the federal action tolled the limitations period. We disagree.

"Federal district courts may exercise supplemental jurisdiction over state claims not otherwise within their adjudicatory authority if those claims are 'part of the same case or controversy' as the federal claims the plaintiff asserts." *Artis v. D.C.*, ___ U.S. ___, 138 S. Ct. 594, 595-96, 199 L. Ed. 2d 473 (2018) (quoting 28 U.S.C. § 1367(a)). Federal law provides that when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it ordinarily also dismisses all related state claims. *See* 28 U.S.C. § 1367(c)(3). Section 1367(d) states that

> [t]he period of limitations for any claim asserted under subsection (a),[3] and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

---

[3] Section 1367(a) allows a federal court to assert supplemental jurisdiction over state law claims joined with federal claims if the state claims "part of the same case or controversy" as the federal claims the plaintiff asserts. 28 U.S.C. § 1367(a).

In order for section 1367(d)'s tolling provision to apply, a plaintiff must have asserted or joined state law claims in federal court. *See* § 1367(d). *See, e.g., Stevens v. ARCO Mgmt. of Washington D.C., Inc*., 751 A.2d 995, 997 (D.C. 2000) (Subsection (d) grants an extension of the "statute of limitations otherwise applicable to state claims *which are joined to a purported federal claim* under the doctrine of supplemental jurisdiction.") (emphasis added); *Rester v. McWane, Inc.*, 962 So. 2d 183 (Ala. 2007) (holding that an employee's federal court claims did not toll state law claims because state claims were not asserted in federal court).

The purpose of section 1367(d) is to protect plaintiffs who choose to assert supplemental state law claims in a federal action. *See Jinks v. Richland County, S.C.*, 538 U.S. 456, 459, 123 S. Ct. 1667, 155 L. Ed. 2d 631 (2003). If the federal court declines to exercise supplemental jurisdiction over state law claims, the plaintiff may assert them in a new action in state court without fear of being barred by the statute of limitations. *Jinks*, 538 U.S. at 459 ("To prevent the limitations period on such supplemental claims from expiring while the plaintiff was fruitlessly pursuing them in federal court, § 1367(d) provides a tolling rule that must be applied by state courts.").

Here, Curry raised two due process claims in federal court in 2016. He did not join any other state law claims. Instead, after dismissal of his federal claims, Curry filed this case in superior court in 2019, asserting new theories in superior court. Specifically, he argued civil rights violations under the state constitution and a breach of contract claim. Because Curry failed to assert the state law claims in his federal suit, Curry's previous federal lawsuit did not toll the three-year statute of limitations applicable to his state law claims. RCW 4.16.080.

Therefore, the statute of limitations bars Curry's noncontractual claims, and the trial court did

not err in dismissing those claims.

## II. RES JUDICATA

Respondents argue that the doctrine of res judicata bars Curry's claims. Curry argues

that Respondents waived their res judicata defense. We consider res judicata in relation to only

Curry's breach of contract claim because all his other claims are barred by the statute of

limitations. We hold that res judicata bars Curry's breach of contract claim.

A.    *Waiver*

As an initial matter, Curry argues that Respondents waived their res judicata defense. His

argument is identical to his waiver argument for the statute of limitations defense: that

Respondents failed to timely answer the complaint. We disagree.

Res judicata is an affirmative defense that must be pleaded in the party's first responsive

pleading; otherwise, it is waived. *SVN Cornerstone, LLC v. N. 807 Inc.,* 10 Wn. App. 2d 72, 80,

447 P.3d 220 (2019). Here, Respondents asserted the defense of res judicata in their answer.

Curry cites to no authority supporting his position that an untimely answer waives affirmative

defenses. Because he fails to cite authority, we assume there is none. *Peterson*, 17 Wn. App. 2d

at 237. Thus, his argument fails.

B.    *Res Judicata*

Whether res judicata bars a claim is a matter of law we review de novo. *Richert v.*

*Tacoma Power Util.,* 179 Wn. App. 694, 704, 319 P.3d 882 (2014). "Res judicata is a doctrine

of claim preclusion." *Emeson v. Dep't of Corr.*, 194 Wn. App. 617, 626, 376 P.3d 430 (2016).

The doctrine precludes the relitigation of claims and issues that were litigated, or might have

been litigated, in a prior action. *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 763, 887 P.2d 898 (1995). It is designed to "prevent relitigation of already determined causes and curtail multiplicity of actions and harassment in the courts." *Loveridge*, 125 Wn.2d at 763 (internal quotation marks omitted). "Res judicata applies not just to those claims that a prior case's final judgment actually resolved but also to claims that were not resolved but that reasonably diligent parties should have raised in that prior litigation." *Richert*, 179 Wn. App. at 704. The party asserting res judicata bears the burden of proof. *Richert*, 179 Wn. App. at 704.

The threshold question of res judicata is whether judgment in the prior suit was a final judgment on the merits. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 865, 93 P.3d 108 (2004). Grant of summary judgment is a final judgment on the merits with preclusive effect. *In re Estate of Black*, 153 Wn.2d 152, 170, 102 P.3d 796 (2004). Here, the federal court granted summary judgment and dismissed the case with prejudice, making the judgment final for purposes of res judicata. *Black*, 153 Wn.2d at 170.

For res judicata to preclude a party from litigating a claim, a prior final judgment must have a concurrence of identity with that claim in (1) subject matter, (2) cause of action, (3) persons and parties, and (4) quality of the persons for or against whom the claim is made. *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005). Because the parties are identical in the prior federal lawsuit and the present lawsuit, the third and fourth elements are not at issue.

Regarding the first element, identity of subject matter, "Washington courts have not articulated any precise test to determine when the subject matter of multiple claims is the same." *Marshall v. Thurston County*, 165 Wn. App. 346, 353, 267 P.3d 491 (2011). But, courts

11

"generally focus on the asserted theory of recovery rather than simply the facts underlying the dispute." *Marshall*, 165 Wn. App. at 353. And, "claims [that] are stated differently" may "nevertheless involve the same subject matter." *Gourde v. Gannam*, 3 Wn. App. 2d 520, 528, 417 P.3d 650 (2018) (quoting *Kuhlman v. Thomas*, 78 Wn. App. 115, 124, 897 P.2d 365 (1995)) (alteration in original).

Here, Curry's claim of breach of contract is that he is a third party beneficiary of a contract between the VHA and HUD. The breach he alleges consists of his property interest in a housing voucher being removed without due process of law. He claims he was not allowed to object at the hearing. These allegations, although couched as a different cause of action, comprise the same subject matter as in the federal lawsuit, which decided these questions and ruled against Curry. There is an identity of subject matter.

Regarding the second element, identity of cause of action, we consider four factors: whether "(1) prosecution of the later action would impair the rights established in the earlier action, (2) the evidence in both actions is substantially the same, (3) infringement of the same right is alleged in both actions, and (4) the actions arise out of the same nucleus of facts." *Richert*, 179 Wn. App. at 705.

Although Curry presents his claims in this case under a different theory of recovery, under the four-part test, the causes of action are the same. First, the prosecution in this case would impair the rights established in the federal suit. In the federal suit, the district court and the Ninth Circuit found no violations of Curry's due process rights based on the VHA's conduct in terminating Curry from the housing program. Curry's breach of contract claims in this suit are almost identical to those raised in the federal suit, except he bases his due process arguments on

12

an alleged breach of contract to which he claims to be a third-party beneficiary. Undeniably, prosecution of this case would impair the rights established in the federal suit and would infringe on the same rights as those invoked in the prior suit.

Second, the evidence in both actions is also substantially the same. In the federal suit, the district court considered evidence of the VHA's proposed decision to terminate Curry's participation in the Section 8 Housing Program and the post-termination hearing that followed the proposed decision. The court also considered Curry's opportunity to question witnesses or introduce evidence at the hearing. Although Curry presents a breach of contract claim here, he failed to introduce evidence supporting a contractual claim, and instead, introduced evidence substantially the same as the evidence considered in the first case. In this case, Curry introduced evidence of his post-termination hearing, and evidence that he did not have an opportunity to cross-examine witnesses or introduce evidence at the post-termination hearing. Therefore, Curry is asking this court to consider the exact same evidence the federal court relied upon to deny Curry's claims in the first suit. Thus, the evidence is substantially the same.

Third, although Curry's claim here is breach of contract, the alleged breach is that he was denied due process, and he was not allowed a full hearing. These are the exact rights discussed and resolved in the prior case.

Fourth, Curry alleges the same facts and evidence in both cases and the facts arise out of the same conduct. Thus, considering the four-part test, we determine that Curry's cause of action is the same in this case as it was in his prior federal case.

Consequently, because Respondents have met their burden to show that the four elements of res judicata are met, Curry is barred from asserting his breach of contract claim.

13

The statute of limitations and res judicata bar Curry's claims in this lawsuit. The trial court did not err in granting summary judgment and dismissing the case with prejudice.

## ATTORNEY FEES ON APPEAL

Respondents request attorney fees for defending against a frivolous appeal under RAP 18.1, CR 11, and RCW 4.84.185. RAP 18.1(a) provides for the recovery of reasonable attorney fees on appeal if "applicable law grants to a party the right to recover reasonable attorney fees or expenses on review" and the party properly requests it. RCW 4.84.185 provides

> In any civil action, the court having jurisdiction may, upon written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense.

The trial court found that Curry "filed this matter in violation of CR 11, as Plaintiffs case is without merit," and further found "this action is frivolous." CP at 130. Curry did not assign error to these findings, thus they are verities on appeal. *Jacobo Hernandez v. City of Kent*, 19 Wn. App. 2d 709, 726, 497 P.3d 871 (2021). We likewise hold that this appeal is frivolous and impose reasonable attorney's fees and costs against him on appeal.

## CONCLUSION

The statute of limitations bars all of Curry's claims, except for his breach of contract claim for which a six-year statute of limitations applies. Nonetheless, Curry's breach of contract claims is barred by the doctrine of res judicata because he already brought the same claim in the federal suit. Lastly, we hold that this appeal is frivolous and impose reasonable attorney's fees and costs against Curry.

14

No. 55431-3-II

We affirm the trial court's decision.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Worswick, J.

We concur:

Lee, J.

Cruser, A.C.J.