IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| JEFFREY A. COOK,<br><br>      Appellant,<br><br>   v.<br><br>JOHN and KIM GRAHAM,<br><br>      Respondents. | No. 84126-2-I<br><br><br><br>UNPUBLISHED OPINION |

BOWMAN, J. — Jeffrey Cook appeals the trial court's order dismissing his claim for damages against his former landlords. Cook filed his complaint shortly before the statute of limitations ran but failed to serve the defendants with a summons as required to commence the action. The trial court dismissed his lawsuit for insufficiency of process and determined Cook's complaint did not toll the statute of limitations. We affirm.

FACTS

Cook took possession of a North Bend house owned by John and Kim Graham (collectively Graham) on July 1, 2018. Cook and Graham executed a one-year lease agreement a month later, on August 1. Two months later, on October 3, 2018, law enforcement arrested Cook and took him into custody.

Almost three years later, on September 28, 2021, Cook filed a "Claim for Damages" against Graham. According to his pro se complaint, on October 5, 2018, Graham removed his personal property from the leased premises "without

permission or authorization." Cook characterized the conduct as "an illegal eviction." He sought damages "potentially" exceeding $120,000 for allegedly misappropriated property.

John Graham is an attorney. On November 5, 2021, he filed a notice of limited appearance "without waiving objections as to proper service and jurisdiction." Then, on November 9, 2021, an attorney filed a notice of appearance on Graham's behalf, specifically reserving the defenses of insufficiency of process and insufficiency of service of process.

About five months later, in March 2022, Graham moved to dismiss Cook's complaint for insufficient process and insufficient service of process under CR 12(b)(4) and (5), failure to state a claim for relief under CR 12(b)(6), and untimeliness because the statute of limitations barred Cook's claims under RCW 4.16.080. Graham argued that Cook did not serve them with a summons,[1] and that because Cook did not accomplish service of process within 90 days of filing the complaint, his lawsuit was time barred under the applicable statute of limitations.

Cook opposed dismissal, claiming that he "properly and timely served" Graham. To support his assertion, Cook filed a return of service showing that on August 18, 2021, six weeks before he filed the complaint, a King County Sheriff's Deputy personally served Graham with a copy of Cook's complaint and other documents related to the waiver of civil court fees. The return of service did not

---

[1] It appears that Graham and their attorney filed declarations in support of the motion to dismiss and that the trial court considered those declarations. However, the declarations are not in the record designated for review.

list a summons.

On April 29, 2022, the trial court granted Graham's motion and dismissed Cook's complaint with prejudice. Cook appeals pro se.

ANALYSIS

Cook argues the trial court erred in dismissing his complaint for insufficiency of process and service of process, as barred by the statute of limitations, and for failure to state a claim for which the court can grant relief. We disagree.

"An action must commence before the statute of limitation has run." Unisys Corp. v. Senn, 99 Wn. App. 391, 397-98, 994 P.2d 244 (2000). A three-year limitation period applies to any "action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated." RCW 4.16.080(2). We review de novo whether the plaintiff timely commenced an action. See Clark v. Falling, 92 Wn. App. 805, 809-10, 965 P.2d 644 (1998) (reviewing de novo whether action timely commenced by publication under RCW 4.16.170); see also Jafar v. Webb, 177 Wn.2d 520, 526, 303 P.3d 1042 (2013) (we review de novo the trial court's interpretation of court rules and statutes).

A plaintiff bears the initial burden to prove a prima facie case of sufficient service. Scanlan v. Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014). The parting challenging service then must demonstrate by clear and convincing evidence that service is improper. Id. A plaintiff does not commence an action and toll a statute of limitations "except as provided in RCW 4.16.170." CR 3(a).

RCW 4.16.170 is a "tentative commencement" provision. <u>Kramer v. J.I. Case</u>

<u>Mfg. Co.</u>, 62 Wn. App. 544, 548, 815 P.2d 798 (1991). Under that statute:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within [90] days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within [90] days from the date of service. <u>If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations</u>.

RCW 4.16.170.[2] Thus, there are two ways to commence an action and toll the

statute of limitations: (1) by serving a summons and complaint and filing the

complaint within 90 days, and (2) by filing the complaint and serving the

summons and complaint within 90 days. CR 3(a); RCW 4.16.170. If a plaintiff

fails to timely file and serve the required documents, "the action shall be deemed

to not have been commenced for purposes of tolling the statute of limitations."

RCW 4.16.170.

Contrary to the above requirements, nothing in the record shows that

Cook served Graham with a summons. The record does not include a copy of a

summons, and there is no declaration of service or comparable document that

specifically references a "summons" and establishes that Cook served Graham

with that document. As a result, Cook fails to make a prima facie showing of

sufficient service.

Cook suggests that the sheriff's August 2021 return of service and a

---

[2] Emphasis added.

4

November 2021 certificate of service[3] themselves amount to a summons.[4]  He is incorrect.  A summons gives notice of the time prescribed by law to answer the complaint and advises the defendant of the consequences of failing to do so.  Quality Rock Prods., Inc. v. Thurston County, 126 Wn. App. 250, 264, 108 P.3d 805 (2005).  The sheriff's return of service and the certificate of service do not notify a defendant of time limits or advise a defendant of the consequences for failure to comply.  Instead, those documents verify that certain process has been served.  And neither of the documents verify service of a summons.

On this record, the trial court properly dismissed Cook's lawsuit for insufficiency of process under CR 12(b)(4) and as barred by the statute of limitations.  See Walker v. Orkin, LLC, 10 Wn. App. 2d 565, 568, 573, 448 P.3d 815 (2019) (reversing trial court's denial of CR 12(b) motion to dismiss complaint where plaintiff served an unsigned copy of the summons, failed to serve a corrected summons before the statute of limitations expired, and failed to timely move to amend the summons).[5]

Cook raises several additional arguments related to the trial court's

---

[3] On November 12, 2021, Cook filed a "Notice of Change in Official Address." Cook attached to the notice a "Certificate of Service," stating that he served Graham with a copy of the civil case schedule and "the original complaint."  The certificate does not mention a summons.

[4] Cook also relies on a Department of Corrections' outgoing mail log attached to his opening brief to argue that he mailed a copy of the summons to Graham.  But the document is not a part of the appellate record, and absent permission from this court, an appendix to an appellate brief cannot include material outside the designated record on appeal.  RAP 10.3(a)(8).  Cook did not seek permission to file the appendix, and we decline to consider the cited material outside the appellate record.

[5] Because we affirm the dismissal under CR12(b)(4) and the statute of limitations, we need not reach whether CR 12(b)(5) or (6) were alternative proper bases for dismissal.

procedure. First, he claims that he lacked timely notice of the hearing on Graham's CR 12(b) motion to dismiss. We disagree.

King County Superior Court Local Civil Rule (LCR) 12(d) provides, in relevant part, that "[m]otions under CR 12(b) . . . shall be subject to the word limitations and scheduling requirements of CR 56." CR 56(c) states that "[t]he motion and any supporting affidavits, memoranda of law, or other documentation shall be filed and served not later than 28 calendar days before the hearing." Graham filed his CR 12(b) motion on March 31, 2022, and the trial court considered the motion without oral argument 29 days later on April 29, 2022. Cook received at least 28 days' notice of Graham's summary judgment motion as CR 56(c) requires.

Cook next challenges the court's resolution of Graham's motion to dismiss without oral argument and its denial of his request to participate using a videoconferencing platform. It appears that Cook's mother, representing Cook as his power of attorney, requested oral argument and Cook's participation by videoconferencing. Referencing a Department of Corrections (DOC) policy that it will not facilitate remote hearings for inmates on standard civil matters, the trial court declined to hold a hearing.

Cook contends it is not the court's role to "enforce" DOC's policy but provides no authority suggesting that the court needed to hear oral argument or allow videoconferencing. Although the LCRs start from a presumption that dispositive motions will be heard with oral argument, they do not take away the court's inherent authority to determine the need for oral argument and to rule on a dispositive motion based on the parties' written submissions. See State v.

6

Bandura, 85 Wn. App. 87, 92-93, 931 P.2d 174 (1997) (oral argument is a matter of discretion on a written motion, provided the parties have a chance to present in writing their versions of the facts). And Cook articulates no specific prejudice resulting from the court considering the motion without oral argument.

Still, Cook argues the court erred by not considering his mother's motions and requests made on his behalf. But Cook's mother is not a licensed attorney. And a party cannot use a power of attorney to transfer the right to represent himself to another person. See State v. Hunt, 75 Wn. App. 795, 805, 880 P.2d 96 (1994). Allowing such a transfer would facilitate the unlawful practice of law. Id.; see RCW 2.48.180(2) (crime of unlawful practice of law includes a nonlawyer practicing law or holding themselves out as entitled to practice law).

We affirm the order of dismissal.[6]

_____
Brennan, J.

WE CONCUR:

_____          _____
Feldman, J.                               Hazelrigg, A.C.J.

---

[6] The proper remedy for insufficient process is dismissal without prejudice. See O'Neill v. Farmers Ins. Co. of Wash., 124 Wn. App. 516, 531, 125 P.3d 134 (2004). But dismissal with prejudice is appropriate when, as here, the dismissal effectively discontinues the action because the applicable statute of limitations has expired, preventing the plaintiff from refiling the claims. See Escude v. King County Pub. Hosp. Dist. No. 2, 117 Wn. App. 183, 191-92, 69 P.3d 895 (2003).